UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:___cv____
3:95-cr-00031-MOC

| | |
|---|---|
| **ERIC CREIGHTON SAMPSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **INITIAL SCREENING** |
| Vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's "Motion for Leave of Court to File 28 U.S.C. §2255(f)(3)( or (4) Due to New Supreme Court Ruling" (#379).

Four months ago, petitioner filed a nearly identical motion captioned "Motion for Application of Recent Supreme Court Decision in Alleyne v. United States, No. 11-9335 (June 7, 2013)" in Sampson v. United States, 3:13cv466 (W.D.N.C. 2013). That earlier motion was summarily denied by this court. See Order (#374).

As in Sampson v. United States, 3:13cv466 (W.D.N.C. 2013), plaintiff's instant motion relies on Alleyne to contest the applicability of sentencing enhancements. The court fully incorporates and adopts the Order dismissing that petition herein. As Alleyne specifically overruled Harris v. United States, 536 U.S. 545 (2002) (holding that such determinations may be made by either a judge or a jury), the Court of Appeals for the Seventh Circuit found that Alleyne establishes a new rule of law. See Simpson v. United States, ___ F.3d ___, 2013 WL 3455876 (7th Cir. July 10, 2013). However, that court went on to hold that Alleyne had not been made retroactively applicable to cases on collateral review by the Supreme Court. Id. (citing Dodd v. United States, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must

1

come from the Supreme Court)). Thus, Alleyne provides petitioner with no relief herein.

Petitioner is again advised that his previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. Relief from the requirements of the AEDPA under Section 2255(h)(2) cannot be afforded by this court, but is for determination by the Court of Appeals.[1] Specifically, the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Thus, this court may not consider the merits of petitioner's claims because he has failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. The court will, therefore, dismiss the instant petition without prejudice and instruct petitioner that he must first seek and obtain permission from the Court of Appeals for the Fourth Circuit before filing a second or successive petition in this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's "Motion for Leave of Court to File 28 U.S.C. §2255(f)(3)( or (4) Due to New Supreme Court Ruling" (#379) is deemed to be a second or successive Motion to Vacate, Set Aside, or Correct Judgment filed in accordance with 28 U.S.C. § 2255, and is **DISMISSED** without prejudice as petitioner has failed to first seek leave of the Court of Appeals for the Fourth Circuit before filing such petition in this court.

---

1     The discussion of Alleyne is limited to providing context to the petition and to aid the court in making a Rule 11 "Certificate of Appealability" determination. Such discussion is not intended to bind petitioner or this or any other court.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

The Clerk of Court is instructed to assign this petition a new civil action number and enter Judgment dismissing this action in accordance with this Order.

Signed: January 3, 2014

Max O. Cogburn Jr.
United States District Judge